SNYDER *v.* OLDSMOBILE DIVISION OF GENERAL
MOTORS CORPORATION

EVIDENCE—MEDICAL HISTORY—BUSINESS ENTRY—STATUTE.

Testimony seeking to prove the contents of plaintiff's alleged statements of medical history were inadmissible until the fact that plaintiff made the statement attributed to her and set forth in the history was proved or brought within an exception to the general rules of evidence dispensing with such proof, where the medical history of plaintiff was taken by an unknown intern as standard procedure at the hospital, and the history was entered into evidence without the person who took the history present for cross-examination (MCLA § 600-.2146).

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 January 11, 1968, at Detroit. (Docket Nos. 2286, 2287.) Decided August 25, 1969. Rehearing denied October 17, 1969. Leave to appeal denied January 28, 1970. See 383 Mich 762.

Complaint by George Snyder and Gertrude Snyder against Oldsmobile Division of General Motors Corporation and Ray White Olds Company for injuries sustained while driving and riding in an automobile manufactured by defendant that swerved out of control. Verdicts and judgments for Gertrude Snyder,

REFERENCES FOR POINTS IN HEADNOTE

29 Am Jur 2d, Evidence §§ 683–686.

Admissibility of statements by injured or diseased person to physician while latter is treating him or examining him to qualify himself as a witness. 67 ALR 10, 80 ALR 1527, 130 ALR 978.

and of no cause of action against George Snyder. Plaintiffs appeal. Reversed and remanded.

*Albert Lopatin* (*Norman L. Zemke,* of counsel), for plaintiffs.

*Ward, Plunkett, Cooney, Rutt, and Peacock,* for defendant.

Before: T. G. KAVANAGH,* P. J., and LEVIN and BEER,** JJ.

PER CURIAM. The plaintiff Gertrude Snyder was riding as a passenger in an automobile manufactured by the defendant which was being driven by her husband, plaintiff George Snyder. The car swerved out of control. Mr. Snyder brought the car to a stop without a collision. The defendant conceded that the cause of the difficulty experienced by Mr. Snyder in operating the car was an improper welding of the right control arm to the rear axle.

At the time of this occurrence Mrs. Snyder was 56 years of age. She testified that when the car swerved out of control she hit the left side of her head and her left arm and hand against the side of the car. She later complained of headaches, faintness and nervousness. Six weeks after the accident she collapsed after experiencing a sudden stiffness of the neck and a terrific headache. She was taken to a hospital where it was determined that she had suffered a subarachnoidal hemorrhage.

At the trial the plaintiffs contended that the subarachnoidal hemorrhage was caused by the trauma

---

* THOMAS GILES KAVANAGH, Justice of the Supreme Court, assigned to sit on the Court of Appeals from February 27, 1969, "until the work assigned has been completed" pursuant to Const 1963, art 6, § 4, and CLS 1961, § 600.225, as amended.

** Circuit judge, sitting on the Court of Appeals by assignment.

experienced when the car went out of control; the defendant asserted that it was caused by high blood pressure and hypertension.

The jury returned a verdict in favor of Mrs. Snyder for $1,000 and of no cause for action against Mr. Snyder.

On appeal the plaintiffs contend that the trial judge erred in allowing a doctor to testify over their objection regarding Mrs. Snyder's prior medical history as set forth in the medical records of the hospital to which she was taken when she collapsed 6 weeks after the car went out of control. We agree.

The record from which the doctor testified could not prove itself. The doctor was not able to say who took the history. He testified that it was taken down by an unknown intern or resident, and that the taking of such a history was standard procedure. The person who took the history was not produced for cross-examination. Until the alleged fact that Mrs. Snyder made the statement attributed to her and set forth in the history was proved or brought within an exception dispensing with such proof, such as the business entry statute (MCLA § 600.2146 [Stat Ann 1962 Rev § 27A.2146]), testimony seeking to prove the contents of her alleged statement was inadmissible. The defendant concedes that the introduction of evidence of Mrs. Snyder's medical history cannot be justified under the business entry statute.

There was no evidence of pre-accident high blood pressure other than the history contained in the hospital record, and the defendants' interpretation of a treating doctor's record. The treating doctor's record was difficult to decipher, and the defendants' interpretation of that record was disputed by the doctor who wrote it. The defendants' debatable interpretation of the treating doctor's record is not the

kind of evidence which would justify excusing the admission of the inadmissible medical history testimony on the ground that this testimony was only cumulative of other evidence, and, therefore, there was no prejudice to the plaintiffs.

The defendants utilized the inadmissible medical history evidence in arguing to the jury that Mrs. Snyder had hypertension before the accident, and that hypertension, rather than an injury suffered in the accident, explained her collapse 6 weeks after the accident.

Reversed and remanded for a new trial. Costs to plaintiffs.